UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**FILED**

**JUN 2 4 2011**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.  11 - 170 (JDB) |
| | ) | |
| v. | ) | Filed: May 27, 2011 |
| | ) | |
| EVA AIRWAYS CORPORATION, | ) | Violation(s):   15 U.S.C § 1 |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### PLEA AGREEMENT

The United States of America and EVA AIRWAYS CORPORATION

("defendant"), a corporation organized and existing under the laws of Taiwan, hereby

enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal

Rules of Criminal Procedure ("Fed. R. Crim. P."):

### RIGHTS OF DEFENDANT

1.      The defendant understands its rights:

(a)      to be represented by an attorney;

(b)      to be charged by Indictment;

(c)      as a corporation organized and existing under the laws of Taiwan,

to decline to accept service of the Summons in this case, and to contest the

jurisdiction of the United States to prosecute this case against it in the

United States District Court for the District of Columbia;

(d)      to plead not guilty to any criminal charge brought against it;

(e)     to have a trial by jury, at which it would be presumed not guilty of

the charge and the United States would have to prove every essential

element of the charged offense beyond a reasonable doubt for it to be

found guilty;

(f)     to confront and cross-examine witnesses against it and to

subpoena witnesses in its defense at trial;

(g)     to appeal its conviction if it is found guilty; and

(h)     to appeal the imposition of a sentence against it.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.      The defendant knowingly and voluntarily waives the rights set out in

Paragraph 1(b)-(g) above, including all jurisdictional defenses to the prosecution of this

case, and agrees voluntarily to consent to the jurisdiction of the United States to

prosecute this case against it in the United States District Court for the District of

Columbia.  The defendant also knowingly and voluntarily waives any objection or

defense it may have to the prosecution of the charged offense in the United States District

Court for the District of Columbia based on venue.  The defendant also knowingly and

voluntarily waives the right to file any appeal, any collateral attack, or any other writ or

motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the

sentence imposed by the Court if that sentence is consistent with or below the

recommended sentence in Paragraph 8 of this Plea Agreement, regardless of how the

sentence is determined by the Court.  This agreement does not affect the rights or

obligations of the United States as set forth in 18 U.S.C. § 3742(b)-(c).  Nothing in this

paragraph, however, shall act as a bar to the defendant perfecting any legal remedies it

may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.  The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.  Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the District of Columbia.  The Information will charge the defendant with participating in a combination and conspiracy to suppress and eliminate competition by fixing particular base rates and fees charged to certain customers for international air cargo shipments, including to and from the United States, from at least as early as January, 2003 until at least February 14, 2006, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

   3.  The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

**FACTUAL BASIS FOR OFFENSE CHARGED**

   4.  Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

      (a)  For purposes of this Plea Agreement, the "relevant period" is that period from at least as early as January 2003, until at least February 14, 2006.  During the relevant period, the defendant was a corporation organized and existing under the laws of Taiwan.  During the relevant period, the defendant had its principal place of business in Taipei, Taiwan

3

and employed more than 1,000 but fewer than 5,000 individuals.  During the relevant period, the defendant provided international air transportation services for cargo ("air cargo services") on routes to and from the United States.  For purposes of this Plea Agreement, "air cargo services" shall mean the shipment by air transportation for any portion of transit of any good, property, mail, product, container or item, such as heavy equipment, perishable commodities, and consumer goods.  For its air cargo services, the defendant charged its customers a price that consisted of a base rate and, at times during the relevant period, various surcharges and fees, including an import service fee.  During the relevant period, the defendant's sales of affected air cargo services totaled approximately $27.6 million.

(b)     During the relevant period, the defendant, through its officers and employees, including high-level personnel of the defendant, participated in a conspiracy with one or more providers of air cargo services, the primary purpose of which was to suppress and eliminate competition by fixing particular cargo base rates or the import service fee charged to customers for certain international air shipments.  In furtherance of the conspiracy, the defendant, through its officers and employees, engaged in discussions and attended meetings with representatives of one or more providers of air cargo services.  During these discussions and meetings, agreements were reached to fix particular base rates or the import service fee charged to customers for certain international air shipments.

(c)     During the relevant period, certain air cargo shipments provided by one or more of the conspirator carriers, and aircraft necessary to transport the air cargo shipments, as well as payments for the air cargo shipments, traveled in interstate and foreign trade and commerce.  The business activities of the defendant and its co-conspirators in connection with the sale and provision of air cargo services affected by this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

## POSSIBLE MAXIMUM SENTENCE

5.     The defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a)     $100 million (15 U.S.C. § 1);

(b)     twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)     twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

6.     In addition, the defendant understands that:

(a)     pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)     pursuant to §8B1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. §

3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c)    pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

7.    The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence.  The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard.  The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).  Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant and its cooperating officers and employees provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

8.      Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the

defendant agree that the appropriate disposition of this case is, and agree to recommend

jointly that the Court impose, a sentence requiring the defendant to pay to the United

States a criminal fine of $13.2 million, payable in installments as set forth below with

interest accruing under 18 U.S.C. § 3612(f)(1)-(2) ("the recommended sentence").  The

parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a

degree, not adequately taken into consideration by the U.S. Sentencing Commission in

formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G.

§5K2.0.  The parties agree not to seek or support any sentence outside of the Guidelines

range nor any Guidelines adjustment for any reason that is not set forth in this Plea

Agreement.  The parties further agree that the recommended sentence set forth in this

Plea Agreement is reasonable.

**Guidelines Analysis**

>     (a)      Pursuant to U.S.S.G. §8C2.5, the defendant's culpability score is 8.
>     This number is calculated by starting with 5 points, pursuant to U.S.S.G.
>     §8C2.5(a); adding 4 points because the organization has more than 1,000
>     and less than 5,000 employees and an individual within high-level
>     personnel of the organization participated in, condoned or was willfully
>     ignorant of the offense, pursuant to U.S.S.G. §8C2.5(b)(2)(A); and
>     subtracting 1 point because the defendant clearly demonstrated recognition
>     and affirmative acceptance of responsibility for its criminal conduct,

pursuant to U.S.S.G. §8C2.5(g)(3).  Accordingly, the minimum multiplier to be applied to the base fine is 1.6 and the maximum multiplier is 3.2, pursuant to U.S.S.G. §8C2.6.

(b)     The base fine is 20% of the volume of affected commerce, pursuant to U.S.S.G. §2R1.1(d)(1) and §8C2.4(a) and (b).  The parties agree that the affected volume of commerce attributable to the defendant is $27.6 million and that the base fine for affected air cargo services is $5.5 million (20% of $27.6 million).  Applying the multipliers of 1.6 and 3.2 to this amount, the fine range for the affected air cargo services is between $8.8 million and $17.6 million.

(c)     The parties agree that the defendant's delay in accepting responsibility and providing cooperation, as well as factors identified in U.S.S.G. §8C2.8(a)(1), justify imposing a sentence in the middle of the Guidelines fine range.

(d)     The United States and the defendant agree to recommend, in the interest of justice pursuant to 18 U.S.C. § 3572(d)(1) and U.S.S.G. §8C3.2(b), that the fine be paid in the following installments:  within thirty (30) days of imposition of sentence -- $4.4 million (plus any accrued interest); at the one-year anniversary of imposition of sentence ("anniversary") -- $4.4 million (plus any accrued interest); and at the two-year anniversary -- $4.4 million (plus any accrued interest); provided, however, that the defendant shall have the option at any time before the

8

two-year anniversary of prepaying the remaining balance (plus any accrued interest) then owing on the fine.

(e)     The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(f)     Based on improvements to the defendant's corporate compliance program, both parties will recommend that no term of probation be imposed, but the defendant understands that the Court's denial of this request will not void this Plea Agreement.

(g)     The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 9, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and defendant agree to request jointly that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. §6A1.1. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

9.     Subject to the ongoing, full, and truthful cooperation of the defendant described in Paragraph 12 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and its commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct.

10.     The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea Agreement.

(a)     If the Court does not accept the recommended sentence, the United States and the defendant agree that this Plea Agreement, except for Paragraph 10(b) below, shall be rendered void.

(b)     If the Court does not accept the recommended sentence, the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)).  If the defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government shall not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410.  In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 14 of this Plea

Agreement shall be tolled for the period between the date of the signing of

the Plea Agreement and the date the defendant withdrew its guilty plea or

for a period of sixty (60) days after the date of the signing of the Plea

Agreement, whichever period is greater.

11.     In light of a pending civil class action lawsuit filed against the defendant,

which potentially provides for a recovery of a multiple of actual damages, the United

States agrees that it will not seek a restitution order for the offense charged in the

Information.

## DEFENDANT'S COOPERATION

12.     The defendant and its subsidiaries will cooperate fully and truthfully with

the United States in the prosecution of this case, the conduct of the current federal

investigation of violations of federal antitrust and related criminal laws involving the sale

of air cargo services, any other federal investigation resulting therefrom, and any

litigation or other proceedings arising or resulting from any such investigation to which

the United States is a party ("Federal Proceeding").  The ongoing, full, and truthful

cooperation of the defendant and its subsidiaries shall include, but not be limited to:

(a)     producing to the United States all non-privileged documents,

information, and other materials (with translations into English), wherever

located, in the possession, custody, or control of the defendant or any of its

subsidiaries, requested by the United States in connection with any

Federal Proceeding; and

(b)     using its best efforts to secure the ongoing, full, and truthful

cooperation, as defined in Paragraph 13 of this Plea Agreement, of the

current and former directors, officers, and employees of the defendant or any of its subsidiaries as may be requested by the United States, but excluding Simon Liu, including making these persons available in the United States and at other mutually agreed-upon locations, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

13.     The ongoing, full, and truthful cooperation of each person described in Paragraph 12(b) above will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

(a)     producing in the United States and at other mutually agreed-upon locations all non-privileged documents, including claimed personal documents, and other materials, wherever located, requested by attorneys and agents of the United States in connection with any Federal Proceeding;

(b)     making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States;

(c)     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the

penalties of making false statements (18 U.S.C. § 1001) and obstruction of

justice (18 U.S.C. § 1503, *et seq.*);

(d)     otherwise voluntarily providing the United States with any non-

privileged material or information not requested in (a) - (c) of this

paragraph that he or she may have that is related to any Federal

Proceeding;

(e)     when called upon to do so by the United States in connection with

any Federal Proceeding, testifying in grand jury, trial, and other judicial

proceedings in the United States fully, truthfully, and under oath, subject

to the penalties of perjury (18 U.S.C. § 1621), making false statements or

declarations in grand jury or court proceedings (18 U.S.C. § 1623),

contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. §

1503, *et seq.*); and

(f)     agreeing that, if the agreement not to prosecute him or her in this

Plea Agreement is rendered void under Paragraph 15(c), the statute of

limitations period for any Relevant Offense as defined in Paragraph 15(a)

shall be tolled as to him or her for the period between the date of the

signing of this Plea Agreement and six (6) months after the date that the

United States gave notice of its intent to void its obligations to that person

under the Plea Agreement.

## GOVERNMENT'S AGREEMENT

14.     Upon acceptance of the guilty plea called for by this Plea Agreement and

the imposition of the recommended sentence, and subject to the cooperation requirements

of Paragraph 12 of this Plea Agreement, the United States agrees that it will not bring

further criminal charges against the defendant or any of its subsidiaries for any act or

offense committed before the date of this Plea Agreement that was undertaken in

furtherance of an antitrust conspiracy involving the sale of air cargo services.  The

nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any

violation of the federal tax or securities laws, or to any crime of violence.

15.     The United States agrees to the following:

(a)     Upon the Court's acceptance of the guilty plea called for by this

Plea Agreement and the imposition of the recommended sentence and

subject to the exceptions noted in Paragraph 15(c), the United States will

not bring criminal charges against any current or former director, officer,

or employee of the defendant or its subsidiaries for any act or offense

committed before the date of this Plea Agreement and while that person

was acting as a director, officer, or employee of the defendant or its

subsidiaries that was undertaken in furtherance of an antitrust conspiracy

involving the sale of air cargo services ("Relevant Offense"), except that

the protections granted in this paragraph shall not apply to Simon Liu;

(b)     Should the United States determine that any current or former

director, officer, or employee of the defendant or its subsidiaries may have

information relevant to any Federal Proceeding, the United States may

request that person's cooperation under the terms of this Plea Agreement

by written request delivered to counsel for the individual (with a copy to

the undersigned counsel for the defendant) or, if the individual is not

known by the United States to be represented, to the undersigned counsel for the defendant;

(c)     If any person requested to provide cooperation under Paragraph 15(b) fails to comply with his or her obligations under Paragraph 13, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void;

(d)     Except as provided in Paragraph 15(e), information provided by a person described in Paragraph 15(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e)     If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 13 of this Plea Agreement, the agreement in Paragraph 15(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case shall be rendered void;

(f)    The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence; and

(g)    Documents provided under Paragraphs 12(a) and 13(a) shall be deemed responsive to outstanding grand jury subpoenas issued to the defendant or any of its subsidiaries.

16.    The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States. This paragraph does not apply to an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C. §§ 401-402) in connection with any testimony or information provided or requested in any Federal Proceeding.

17.    The defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact,

manner, and extent of the cooperation of the defendant and its subsidiaries as a matter for

that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

18.     The defendant has been represented by counsel and is fully satisfied that

its attorneys have provided competent legal representation.  The defendant has

thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it

of the nature of the charge, any possible defenses to the charge, and the nature and range

of possible sentences.

## VOLUNTARY PLEA

19.     The defendant's decision to enter into this Plea Agreement and to tender a

plea of guilty is freely and voluntarily made and is not the result of force, threats,

assurances, promises, or representations other than the representations contained in this

Plea Agreement.  The United States has made no promises or representations to the

defendant as to whether the Court will accept or reject the recommendations contained

within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

20.     The defendant agrees that, should the United States determine in good

faith, during the period that any Federal Proceeding is pending, that the defendant or any

of its subsidiaries have failed to provide full and truthful cooperation, as described in

Paragraph 12 of this Plea Agreement, or has otherwise violated any provision of this Plea

Agreement, the United States will notify counsel for the defendant in writing by personal

or overnight delivery or facsimile transmission and may also notify counsel by telephone

of its intention to void any of its obligations under this Plea Agreement (except its

obligations under this paragraph), and the defendant and its subsidiaries shall be subject

to prosecution for any federal crime of which the United States has knowledge including,

but not limited to, the substantive offense relating to the investigation resulting in this

Plea Agreement.  The defendant and its subsidiaries agree that, in the event that the

United States is released from its obligations under this Plea Agreement and brings

criminal charges against the defendant or its subsidiaries for any offense referred to in

Paragraph 14 of this Plea Agreement, the statute of limitations period for such offense

shall be tolled for the period between the date of the signing of this Plea Agreement and

six (6) months after the date the United States gave notice of its intent to void its

obligations under this Plea Agreement.

     21.     The defendant understands and agrees that in any further prosecution

of it or its subsidiaries resulting from the release of the United States from its obligations

under this Plea Agreement, because of the defendant's or its subsidiaries' violation of the

Plea Agreement, any documents, statements, information, testimony, or evidence

provided by it, its subsidiaries, or current or former directors, officers, or employees of it

or its subsidiaries to attorneys or agents of the United States, federal grand juries, or

courts, and any leads derived therefrom, may be used against it or its subsidiaries in any

such further prosecution.  In addition, the defendant unconditionally waives its right to

challenge the use of such evidence in any such further prosecution, notwithstanding the

protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

     22.     This Plea Agreement, together with the agreement tolling the statute of

limitations (Attachment 1 to the Information), constitutes the entire agreement between

the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

23.     The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

24.     The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

///

19

25.   A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.


DATED:_____        Respectfully submitted,



BY: _____       BY: _____
EVA Airways Corporation                Brent Snyder, Trial Attorney
                                       Mark C. Grundvig, Trial Attorney
By: _____             Kathryn M. Hellings, Trial Attorney
Its: _____            Jason Jones, Trial Attorney

BY: _____             U.S. Department of Justice
James H. Mutchnik, P.C.                     Antitrust Division
Kirkland & Ellis LLP                   450 5th Street, N.W.
300 North LaSalle                      Suite 11300
Chicago, IL 60654                      Washington, D.C. 20530
Tel.: (312) 862-2350                   Tel.: (202) 616-3186
Fax: (312) 862-2200                    Fax: (202) 514-6525

Christopher T. Casamassima
Kirkland & Ellis LLP
333 S. Hope Street
Los Angeles, CA 90071
Tel.: (213) 680-8353
Fax: (213) 680-8500
Counsel for EVA Airways Corporation

25.     A facsimile signature shall be deemed an original signature for the

purpose of executing this Plea Agreement.  Multiple signature pages are authorized for

the purpose of executing this Plea Agreement.

DATED: _____5/27/2011_____        Respectfully submitted,

BY: _____         BY: _____
EVA Airways Corporation                   Brent Snyder, Trial Attorney
                                          Mark C. Grundvig, Trial Attorney
By: _____             Kathryn M. Hellings, Trial Attorney
    Jeng, Kudy - Yeun(James Jeng)         Jason Jones, Trial Attorney
Its: _____Vice Chairman_____

BY: _____         U.S. Department of Justice
    James H. Mutchnik, P.C.                   Antitrust Division
    Kirkland & Ellis LLP                  450 5th Street, N.W.
    300 North LaSalle                     Suite 11300
    Chicago, IL 60654                     Washington, D.C. 20530
    Tel.: (312) 862-2350                  Tel.: (202) 616-3186
    Fax: (312) 862-2200                   Fax: (202) 514-6525

    Christopher T. Casamassima
    Kirkland & Ellis LLP
    333 S. Hope Street
    Los Angeles, CA 90071
    Tel.: (213) 680-8353
    Fax: (213) 680-8500
    Counsel for EVA Airways Corporation